UNITED STATES of America, Plaintiff,

v.

Wilbur P. HOLLAR, Ruth Carol Hollar, Laverne Speas, Registrar of Deeds, Forsyth County, N.C., Defendants.

No. 6:93CV59.

United States District Court, M.D. North Carolina, Winston–Salem Division.

Feb. 15, 1995.

John W. Stone, Jr., Greensboro, NC, Thomas Holderness, Washington, DC, for plaintiff.

Hollars, pro se, Kernersville, NC, Allan R. Gitter, Winston–Salem, NC, for defendants.

## MEMORANDUM OPINION

TILLEY, District Judge.

The United States of America, Plaintiff, has brought this civil action seeking a declaratory judgment and injunctive relief. A consent order dated June 18, 1993 declared that two claims of commercial liens filed by Defendants Wilbur and Ruth Hollar ("the Hollars") in Forsyth County, North Carolina were null and void. On February 7, 1994, the United States' motion for a preliminary injunction was denied. The United States has filed a motion for summary judgment seeking an order enjoining the Hollars from filing further liens against employees of the United States. The Hollars have filed a motion to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion for summary judgment. For the reasons stated herein, it is determined that no genuine issue of material fact remains on the United States' claim and that the United States is not entitled to an injunction as a matter of law. The Hollars' motion for summary judgment is GRANTED.

Additionally, the United States has filed a motion to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a). For the reasons stated herein, it is determined that an amendment to the complaint would

be futile. The United States' motion to amend the complaint is DENIED.

## I.

The facts, stated most favorably to the United States, are as follows: the Hollars face large tax assessments from the Internal Revenue Service ("IRS"). The Hollars have engaged in several tactics to defend their property from foreclosure under tax liens. Among other actions not directly related to the matter at bar, the Hollars sued several IRS agents in their individual capacities for alleged violations of the Hollars' civil rights. That action was dismissed on December 19, 1994 for failure to state a claim upon which relief could be granted. Additionally, the Hollars, while in bankruptcy, sued the persons who had purchased the Hollars' property at an IRS sale. Most recently the Hollars have instituted an adversary proceeding against the United States in bankruptcy court seeking a declaration as to the amount of taxes owed.[1] The instant suit by the United States involves commercial liens filed by the Hollars against Hugh M. Parker and Harry Martin, two IRS employees, in Forsyth County, North Carolina. The Hollars filed liens of $350,000 against each employee asserting that the employees had violated their civil rights. The United States instituted suit on January 28, 1993 seeking (1) a declaration that the liens were null and void; (2) an order directing Laverne Speas, the Forsyth County Register of Deeds, to expunge the liens from the county records; (3) an order enjoining Speas from recording any liens filed by the Hollars without leave of this Court; (4) an order enjoining the Hollars from filing any liens against employees of the United States without leave of this Court; and (5) an award of attorneys' fees and costs associated with this action.

On June 18, 1993, this Court entered a consent order declaring the liens in question null and void and ordering defendant Speas to file the order and index it with respect to the Hollars and the Internal Revenue Service. The United States filed a motion for a preliminary injunction on January 18, 1994. After a hearing on January 27, 1994, the motion was denied.

## II.

■ The Court now has before it the United States' motion for summary judgment and the Hollars' motions to dismiss under 12(b)(6) and for summary judgment. Since material outside the complaint and answer will be considered and in the interest of judicial economy, the Hollars' motions will be treated as a single motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

■ Summary judgment is proper only if there is no genuine issue as to any material fact. The moving party on a motion for summary judgment will have the burden of pointing to deficiencies in the record as to matters upon which the opposing party has the burden of proof such that the opposing party cannot prove its claim or defense or showing otherwise why, upon the undisputed facts in the record, the moving party is entitled to judgment as a matter of law. The party opposing the motion for summary judgment may not merely rest on its pleadings, but must provide evidence or point to evidence already in the record, properly authenticated pursuant to Rule 56(e), that would be sufficient to support a jury verdict in its favor. *See* Rule 56(e), Fed.R.Civ.P., *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986), *Herold v. Hajoca Corp.*, 864 F.2d 317 (4th Cir.1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989), *Orsi v. Kirkwood*, 999 F.2d 86 (4th Cir.1993).

■ The United States seeks a permanent injunction against the Hollars and Laverne Speas. Section 7402 of the Internal Revenue Code gives district courts the jurisdiction to issue injunctions as necessary or appropriate to aid in the enforcement of the internal revenue laws. 26 U.S.C. § 7402(a). Injunctive relief in the federal courts, absent an express Congressional mandate to the

---

1. The Court takes judicial notice of this filing. The complaint in Adversary Proceeding number 95–6001 was filed on January 4, 1995. The impact, if any, of this complaint has not been briefed by the parties, but the Court will consider it in its determination.

contrary, requires irreparable injury and the inadequacy of legal remedies. *Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.") (citations omitted); *see also United States v. Ernst & Whinney,* 735 F.2d 1296, 1301 (11th Cir.1984) ("[T]he decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy.").

The issue of irreparable harm has been addressed previously in this case. The United States' motion for a preliminary injunction was denied based on the fact that the United States had not established irreparable harm since no showing was made that a threat of similar and continuing litigation by the Hollars existed. The Hollars have filed two liens against IRS employees, they have filed a civil suit against IRS employees, they have filed an adversary proceeding in bankruptcy against the third party purchasers of the Hollars' land at a tax sale, and they have filed an adversary proceeding against the United States. The Government has produced no further evidence indicating the presence of irreparable harm.

Suits by the Hollars against individuals such as Hugh Parker or the purchasers at the tax sale are problematic in that they expand the disputes the Hollars have with the IRS to include innocent persons. Meritless litigation involving third parties should be disfavored. Such continued litigation could easily result in irreparable harm to the government in that tax sales purchases might be chilled and government employees might be deterred from performing their jobs. However, the Hollars have not engaged in any such litigation directed at innocent persons since November, 1993. Absent a risk of repeated behavior, no risk of irreparable harm to the United States exists.

A remedy similar to that sought here involves a pre-filing injunction in which a litigant may file a federal complaint only with the permission of the district court. The Second Circuit has established a set of standards to be used in evaluating whether such a pre-filing injunction should issue. These factors include:

> "1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; 2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; 3) whether the litigant is represented by counsel; 4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and 5) whether other sanctions would be adequate to protect the courts and other parties."

*Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2nd Cir.1986). The court in *Safir* continued stating, "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass the other parties." *Id.* While these factors do not precisely apply to the relief sought here, they are instructive in that a pre-filing injunction for federal court litigation is less severe than an injunction against filing liens under state procedures. In considering the case at bar, it is relevant to note that the Hollars' litigation history does not quite rise to the level anticipated by the *Safir* court. Safir had engaged in pattern of litigation over twenty years directed at the same and related defendants and stemming from events which occurred in 1965 and 1966. *Safir,* 792 F.2d at 24. In this case, it is particularly persuasive that the Hollars stated in open court and for the record that they did not intend to file liens against the property of other government officials without first obtaining a judgment.[2] As discussed above, it does not appear that the Hollars pose a threat of continued baseless litigation and lien filings against innocent third parties. Accordingly, the United States' motion for summary judgment is DENIED and the Hollars' motion for summary judgment is GRANTED.

**2.** Should this reliance prove unfounded, the Court would entertain renewed motions by the United States to prevent any similar further actions by the Hollars.

**826**

### III.

The United States seeks to amend its complaint to request that the Hollars be enjoined from suing any purchasers of property at IRS sales without leave of court. Rule 15(a) of the Federal Rules of Civil Procedure provides for the amendment of pleadings by leave of court. Although Rule 15(a) states that "leave shall be freely given when justice so requires," leave to amend is within the sound discretion of the Court and is not automatically granted. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In *Foman,* the Court discussed several factors to be considered in evaluating a motion to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, *futility of amendment,* etc.—the leave should, as the rules require be "freely given."

*Foman,* 371 U.S. at 182, 83 S.Ct. at 230 (emphasis added). As discussed in *Foman,* a motion to amend may be denied based on the futility of the amendment. The Court should deny an amendment as futile only when the proposed amendment is clearly insufficient or frivolous on its face. *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir.1986).

In this case, an amendment of the complaint by the United States would be futile. The proposed amended complaint alleges that the Hollars sued William Steven Myers and Linda West Myers who purchased the Hollars' property at an IRS sale. The Court has previously determined both at the preliminary injunction hearing and in reference to the Hollar's summary judgment motion that the proceeding against the Myers does not suggest that a threat of repeated litigation by the Hollars will continue. Without a threat of repetition, the irreparable harm necessary to support an injunction does not exist. Additionally, the factors discussed above and related to pre-filing injunctions in federal court do not apply here. The United States does not attempt to allege that the Hollars will continue to sue parties such as the Myers and that such suits will be meant to harass any future purchasers. Indeed, as of the hearing for a preliminary injunction on January 27, 1994, no sales or seizures were pending against the Hollars. Without a threat of repeated litigation, no justification exists for infringing upon the rights of individuals to access to the courts. The United States has not been able to establish that such a threat exists. The proposed amendment will not assist in this endeavor, and therefore is futile. The United States' motion to amend is DENIED.

### IV.

The United States in addition to seeking injunctive relief against the Hollars has sued the Forsyth County Registrar of Deeds, Laverne Speas ("Speas"). The United States seeks to enjoin Speas or her successor from accepting for recording any liens filed by the Hollars against any IRS employees without leave of this Court. In light of the disposition of the United States' claims against the Hollars, the claim against Speas is moot, and therefore must be, and is DISMISSED.

### ORDER

For the reasons stated in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Defendants Hollars' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion to amend the complaint is DENIED.

IT IS FURTHER ORDERED that all claims against Defendant Speas are DISMISSED.